UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY EDWARDS

vs.  Case No. 8:11-CV-67-T-27EAJ
Crim Case No. 8:09-CR-374-T-27EAJ

UNITED STATES OF AMERICA
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and supporting memorandum (CV Dkts. 1, 1-1). The Government's filed its Response in Opposition (CV Dkt. 6). Upon consideration, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Dkt. 1) is DENIED.

### Procedural Background

Petitioner was charged in a four count Indictment with distribution of Ecstasy (Counts One and Two), possession of Ecstasy with intent to distribute (Count Three), and possession of a firearm in furtherance of a drug trafficking crime (Count Four)(CR Dkt. 1). Pursuant to a written plea agreement, he pleaded guilty to Counts Three and Four, in exchange for the Government's agreement to dismiss Counts One and Two (CR Dkts. 12, 13). The Magistrate Judge conducted a Rule 11 change of plea colloquy and recommended that his guilty plea(s) be accepted (CR Dkts. 16, 28). Petitioner's pleas were accepted by the district court, he was adjudicated guilty, and sentenced to 36 months on Count Three and a consecutive term of 60 months on Count Four, with five years of supervised release to follow (CR Dkt. 22). Petitioner did not appeal.

1

In his § 2255 motion, Petitioner raises three grounds:

**GROUND ONE:** PETITIONER'S CONVICTION FOR THE 924(c) CHARGE IS UNCONSTITUTIONAL, HIS GUILTY PLEA WAS INVOLUNTARY AND UNINTELLIGENT.

**GROUND TWO:** INEFFECTIVE ASSISTANCE OF COUNSEL IN CONNECTION WITH THE PLEA NEGOTIATION, ENTRY OF THE PLEA, AND ADVICE GIVEN TO EDWARDS

**GROUND THREE:** THE DISTRICT COURT FAILED TO COMPLY WITH RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE WHEN IT ACCEPTED EDWARDS' GUILTY PLEA

## DISCUSSION

**GROUND ONE**

The essence of Petitioner's claim in Ground One is that his guilty plea to Count Four was involuntary and unintelligent because he "did not possess an understanding of the law in relation to the facts" with regard to his §924(c) charge. He contends that his attorney did not explain to him: (1) that before he could be found guilty, if he elected to go to trial, the government would have to prove beyond a reasonable doubt that he possessed the firearm in furtherance of the drug trafficking crime, (2) that the mere presence of the firearm in proximity to the drugs "did not constitute guilt," and (3) "there had to be a nexus between the gun and the predicate offense." (CV Dkt. 1, p. 4). And he claims that he is innocent of the charge. *Id.*

Each of these contentions is refuted by the thorough Rule 11 plea colloquy conducted by the Magistrate Judge and Petitioner's sworn declarations during that hearing, as well as his Plea Agreement.

By pleading guilty, Petitioner necessarily admitted the crimes he plead guilty to. *Wilson v. United States*, 962 F. 2d 996, 997 (11th Cir. 1992); *United States v. Saac*, 632 F.3d 1203, 1209 (11th

2

Cir. 2011), *cert. denied*, 132 S.Ct. 139 (2011) (guilty plea establishes factual guilt, serving as an admission of all the elements of the criminal charge). Petitioner's unsupported claim that he is "actually innocent" of Count Four is entirely inconsistent with his sworn statements to the contrary during his plea colloquy and the facts in his Plea Agreement, which he admitted were true.

During the plea colloquy, Petitioner acknowledged his understanding of the charges to which he was pleading guilty (CR Dkt. 28, p. 10-11), and the maximum penalties prescribed by law (p. 33-34). He confirmed that he had reviewed the charges with counsel and discussed his case "fully" with counsel. *Id.* He confirmed that he was "fully satisfied with the advice and representation" counsel provided (pp. 11, 22), that by virtue of his appeal waiver in his Plea Agreement, he would "be giving up" the right to claim ineffective assistance of counsel (p. 17). He denied having been threatened or coerced to plead guilty, or that anyone had promised him anything except the concessions of the Government in the Plea Agreement (pp. 18, 25). He confirmed his signature in his Plea Agreement, that he had discussed the Plea Agreement with counsel, and that he understood it (p. 23).

With respect to the elements of the crimes he pleaded guilty to, the Magistrate Judge explained the elements of each offense Petitioner pleaded guilty to, including, as to Count Four, the requirement that he "knowingly possessed a firearm as charged and that [he] possessed the firearm in furtherance of the drug trafficking crime." (p. 39). Contrary to his contentions in the instant motion, Petitioner expressly confirmed, under oath, his understanding of the elements (p. 39). Likewise, Petitioner confirmed under oath the truth of the factual basis outlined by the prosecutor, including that the firearm had been found in the center console, "readily available" to him, in the vehicle in which the drug transaction was to take place (p. 40-41).

Petitioner's Rule 11 plea colloquy, and the terms of his Plea Agreement, belie his contention that "[n]o one explained the elements of the crime to me" and that he did not understand what he was pleading guilty to. Even if counsel failed to explain the elements of a § 924(c) offense, the record conclusively establishes that the Magistrate Judge explained those elements to Petitioner, and that Petitioner acknowledged under oath his understanding of the elements.

Notwithstanding his unsupported claim that his attorney failed to explain the elements of a § 924(c) offense, Petitioner's plea colloquy demonstrates that his guilty plea was knowing and voluntary. Moreover, his Plea Agreement, which he confirmed under oath that he read and discussed with counsel, expressly enumerated the elements of the crimes he was pleading guilty to (CR Dkt. 12, pp. 2; 15)(The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof. . . and defendant's complete satisfaction with the representation and advice received from defendant's counsel (if any)."). The Plea Agreement also recited facts which Petitioner expressly admitted were true and which Petitioner admitted the Government could prove beyond a reasonable doubt at trial. (*Id.* at pp. 16-18).

In his Plea Agreement, Petitioner confirmed that he was pleading guilty "freely and voluntarily without reliance upon any discussions . . . and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind." (CR Dkt. 12, p. 15, ¶ B(8)). Under these circumstances, his guilty plea to Count Four was knowing and voluntary. *United States v. Brown*, 586 F.3d 1342, 1346 (11th Cir. 2009), *cert. denied*, ___ U.S. ___ (2010)(guilty plea knowing and voluntary if entered without coercion and with an understanding of the nature of the charges and the consequences of the plea); *Bousley v. United*

4

*States*, 523 U.S. 614, 619 (1998)("plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense "unless induced by threats . . . misrepresentation . . . or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business.")(quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)).

Petitioner's allegations in support of his claims of an involuntary guilty plea and ineffective assistance of counsel essentially disavow the sworn statements he made during his Rule 11 plea colloquy. A defendant will not be heard to contend that his sworn statements made during a Rule 11 colloquy are false. *United States v. Stitzer*, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986), *cert. denied*, 479 U.S. 823 (1986)("[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely.") Consequently, Petitioner "bears a heavy burden to show his statements [under oath] were false." *United States v. Ross,* 147 Fed. Appx. 936 (11th Cir. 2005) (citing *United States v. Rogers,* 848 F.2d 166, 168 (11th Cir. 1988)).

Petitioner's sworn representations made during his plea hearing, along with the findings of the Magistrate Judge accepting the plea, constitute "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner's sworn statements are strongly presumed to be true. *United States v Medlock,* 12 F.3d 185, 187 (11th Cir. 1994); *United States v. Billings*, 263 Fed. Appx. 795, 800 (11th Cir. 2008). This presumption cannot be overcome by Petitioner's bald assertion of misunderstanding. *Harvey v. United States*, 850 F.2d 388, 396 (8th Cir. 1988).[1]

---

[1] Although he does not expressly claim that his statements to the Magistrate Judge were false, implicitly he does. It follows that Petitioner has not met his "heavy burden to show his statements were false." *United States v. Rogers*, 848 at 168. He fails to explain why his sworn statements expressly admitting his criminal conduct should not be accepted as true. Nor does he explain why his sworn statements confirming his understanding of the elements of a § 924(c) offense and his satisfaction with his attorney's advice and representation and his understanding of the consequences of his guilty pleas should be ignored.

The record therefore conclusively refutes any contention that Petitioner's guilty plea was not knowing and voluntary. To the extent Petitioner now quarrels with the factual basis supporting his guilty plea, by entering a counseled, knowing and voluntary guilty plea, he waived any such claim by pleading guilty and admitting the facts outlined by the prosecutor. *United States v. Bonilla*, 579 F.3d 1233, 1240 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 2361 (2010)(by pleading guilty, a defendant waives all non-jurisdictional defenses).

**GROUND TWO**

In Ground Two, Petitioner contends that his attorney was ineffective in telling him that his "only hope of beating the 924(c) charge" was to cooperate and receive a USSG § 5K1.1 substantial assistance motion from the Government (CV Dkt. 1, p. 6). He again complains that his attorney did not explain the elements of the § 924(c) charge or what the Government would have to prove. (*Id*). Petitioner claims that if counsel had explained "that in order for a jury to convict him for the 924(c) offense, the government would have to prove beyond a reasonable doubt that he possessed the firearm in furtherance of the underlying drug trafficking offense," he would not have pleaded guilty and gone to trial.

To demonstrate ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient, that is, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Additionally, Petitioner must show that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668 (1984); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998). Where a movant is unable to establish either prong of the *Strickland* analysis, his claim must be dismissed. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995).

In the context of his guilty plea, Petitioner must show that counsel's alleged deficient performance "affected the outcome of the process," that is, that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Lalani v. United States*, 315 Fed. Appx. 858, 860-61 (11th Cir. 2009).

Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). When a defendant pleads guilty, counsel need only provide his client with an understanding of the law in relation to the facts so that the defendant can make an informed decision between pleading guilty and going to trial. *Id.* Counsel need only make an independent examination of the facts, circumstances, pleadings and applicable law, and then offer counsel's informed opinion to his client as to the best course of action. *Id.*

First, Petitioner's claim of ineffective assistance of counsel is refuted by the record, including his sworn declarations during his plea colloquy. During his change of plea hearing, Petitioner expressed his unequivocal satisfaction with counsel, confirmed under oath that he had discussed his case fully with her, and that he understood the elements of the § 924(c) offense charged in Count Four. And his Plea Agreement covered all of this as well. Given these circumstances, particularly Petitioner's sworn statements that he was satisfied with counsel's representation and his acknowledgment that he understood the elements of a § 924(c) offense, his contention that his attorney was ineffective in failing to explain those elements is discredited, since any such allegations are contrary to those sworn statements. *United States v. Ross*, 147 Fed. Appx. 936, 939-40 (11th Cir. 2005)(allegations that counsel was ineffective which are contrary to defendant's sworn statements at plea hearing may be discredited)(citing *United States v. Frexias*, 332 F.3d 1314, 1319 (11th Cir.

7

2003)). Accordingly, this allegation of ineffective assistance of counsel is rejected without the need for evidentiary inquiry, since they are contrary to the sworn statements he made under oath at the plea hearing.

Second, with respect to Petitioner's claim that his attorney "was ineffective in negotiating the plea agreement," he has waived any such claim. By pleading guilty, Petitioner waived all non-jurisdictional defenses, including constitutional challenges such as an ineffective assistance of counsel claim which are inconsistent with the guilty plea. *United States v. Bonilla*, 579 F.3d at 1240; *Hutchins v. Secretary for Dept. of Corrections*, 273 Fed. Appx. 777, 778 (11th Cir. 2008)(knowingly and voluntarily guilty plea waives ineffective assistance of counsel claim); *United States v. Wilson, supra* (defendant who enters a guilty plea waives all non-jurisdictional challenges to the constitutionality of the conviction); *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. Unit B, 1981).[2]

And to the extent Petitioner complains that his attorney's sentencing representation was in some way deficient, he has likewise waived the right to collaterally attack his sentence on that ground by virtue of his appeal waiver/collateral attack clause in his Plea Agreement. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005), *cert. denied*, 546 U.S. 902 (2005)(valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes a defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).

---

[2] Petitioner's unsupported contention that the "facts negotiated in the plea agreement by counsel and agreed to by Edwards was [sic] insufficient to support the conviction" and counsel was ineffective in negotiating a plea agreement containing an appeal waiver clause "for a crime of which he is innocent" is disingenuous at best, if not facially frivolous, in light of his guilty plea and stated satisfaction with counsel.

8

In his Plea Agreement, Petitioner expressly waived the right to appeal his sentence "or to challenge it collaterally on any ground . . . ." (CR Dkt. 12, p. 14). And Petitioner's appeal waiver is enforceable, since the Magistrate Judge expressly questioned Petitioner about his appeal waiver during his Rule 11 plea colloquy and Petitioner unequivocally acknowledged his understanding of its significance with respect to a claim of ineffective assistance of counsel (CV Dkt. 28, pp. 16-18). *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993), *cert. denied*, 513 U.S. 1051 (1994)(appeal waiver enforceable if court specifically questions defendant concerning appeal waiver during the Rule 11 colloquy or it is manifestly clear from the record that the defendant otherwise understood the full significance).

Finally, even if counsel's performance was in some way deficient with respect to explaining the elements of a § 924(c) offense and what the Government would have to prove at trial, Petitioner cannot demonstrate prejudice. The Magistrate Judge explained the elements to Petitioner and he acknowledged, under oath, his understanding of those elements, thereby curing the claimed deficiency in counsel's failure to clearly explain the elements. *United States v. Wilson*, 245 Fed. Appx. 10, 12 (11th Cir. 2007)(any failure on the part of counsel to clearly explain the possible punishment was cured by the district court during plea colloquy). And as discussed, Petitioner's Plea Agreement expressly summarized the elements of the § 924(c)n offense charged in Count Four (CR Dkt. 12, p. 2). Additionally, the Plea Agreement recited the facts which the Government would have to prove at trial beyond a reasonable doubt. (*Id.* at pp. 16-18).

Accordingly, Ground Two is due to be dismissed as without merit. Petitioner has not demonstrated deficient performance or prejudice from the claimed deficient performance on the part of his counsel, as required by *Strickland*.

**GROUND THREE**

In Ground Three, Petitioner contends that the Rule 11 colloquy conducted by the Magistrate Judge was deficient. Without pointing to a formal deficiency in the plea colloquy, Petitioner contends that he was not questioned by the court "to satisfy itself that Edwards understood the nature of the crime and that he was in fact guilty of the crime," and the court "did not satisfy the requirement that Edwards understood the elements of the crime and what the Government would have to prove to a jury...." (CV Dkt. 1, p. 10). This claim is refuted by the record. The Magistrate Judge expressly asked Petitioner if he was pleading guilty because he was guilty, and Petitioner responded that he was (CV Dkt. 28, p. 41).

Based on the plea colloquy, the Magistrate Judge found that Petitioner's plea of guilty to Counts Three and Four of the Indictment was "knowledgeable and voluntary, and that the offenses charged is [sic] supported by an independent basis in fact containing each of the essential elements of such offenses." (CR Dkt. 16). Petitioner did not object to these findings or to the Magistrate Judge's recommendation that his guilty plea be accepted by the district judge.

By not appealing, Petitioner procedurally defaulted any claim of formal deficiencies in his Rule 11 colloquy. *Holmes v. United States*, 876 F.2d 1545, 1549 (11th Cir. 1989)("In the absence of a fundamental defect which inherently results in the miscarriage of justice, or an omission inconsistent with the demands of fair procedure, relief cannot be given in a collateral attack on a guilty plea conviction based on failure of Rule 11 compliance when the plea was taken.")(citing *Lilly v. United States*, 792 F.2d 1541 (11th Cir. 1986)). Petitioner does not proffer cause for this procedural default, and certainly has not shown prejudice from the claimed deficiency.

Even if this claim was not procedurally defaulted, it would have no merit because the

Magistrate Judge's Rule 11 colloquy satisfied the core concerns of a knowing and voluntary guilty plea. The colloquy demonstrated that Petitioner's guilty plea was free from coercion and that he understood the nature of the charges and the consequences of his plea. *United States v. Siegel,* 102 F.3d 477, 481 (11th Cir. 1996)(Rule 11 requirements ensure that three core concerns are addressed in entertaining a plea of guilty: (1) that the plea is free from coercion; (2) that the defendant understands the nature of the charges presented; and (3) that the defendant knows and understands the consequences of pleading guilty).

The record as a whole demonstrates that Petitioner understood the nature of the charge in Count Four and the elements the Government would have to prove if the case went to trial. As discussed, the Magistrate Judge, after reminding Petitioner that he was under oath, read the charges in the Indictment and asked Petitioner if he understood them. Petitioner responded that he did. She reviewed the essential elements and asked Petitioner whether he understood them. Again, Petitioner responded that he did. She confirmed that he understood the constitutional rights he was waiving. She advised him of the maximum penalties. He swore under oath that no one had threatened or promised him anything in exchange for his guilty plea except that set forth in his Plea Agreement.

In sum, the Magistrate Judge confirmed Petitioner's understanding of the charges, the elements, his understanding of his Plea Agreement, and his satisfaction with the advice and representation of counsel. Under these circumstances, Petitioner demonstrates no deficiency in the Rule 11 colloquy. *See United States v. Louis,* 312 Fed. Appx. 240, 243 (11th Cir. 2009).

Finally, the Magistrate complied with the requirement of ensuring that there was an independent factual basis for Petitioner's guilty plea, *United States v. Owen,* 858 F.2d 1514, 1516 (11th Cir. 1988), and "that the conduct to which [Petitioner] admits constitutes the offense charged."

*United States v. Gamboa*, 166 F.3d 1327, 1331 n.4 (11th Cir. 1999). She elicited a factual basis supporting the charges from the Government (including a recitation that an easily accessible firearm had been found in the console of the vehicle in which the drug transaction was to occur), and confirmed with Petitioner that those facts were "true."

> THE COURT: All right. Did you hear the facts stated by the prosecutor, sir?
>
> DEFENDANT EDWARDS: Yes, ma'am.
>
> THE COURT: Do you have any disagreement with those facts?
>
> DEFENDANT EDWARDS: No.
>
> THE COURT: Are they true?
>
> DEFENDANT EDWARDS: Yes Ma'am.

(CR Dkt. 28, p. 41).

The uncontested facts contained in the proffered factual basis and Plea Agreement demonstrate sufficient evidence from which the Magistrate Judge correctly concluded that Petitioner possessed a firearm in furtherance of a drug trafficking crime, as charged in Count Four. In his Plea Agreement, Petitioner admitted that the Government could prove at trial that the undercover agent scheduled a meeting with Petitioner during which Petitioner was to deliver a quantity of MDMA tablets. Inside Petitioner's vehicle, Petitioner advised the agent he only had 430 tablets. When the agent exited the vehicle under the pretense of retrieving the money, Petitioner was arrested. Inside the console of the vehicle, the agents found a loaded Smith & Wesson 9mm handgun with a chambered live round. (CR Dkt. 12, p. 12). Those facts were essentially mirrored by the prosecutor during the plea colloquy. (CR Dkt. 28, p. 40-41).

It has been recognized that "guns are a tool of the drug trade." *United States v. Cruz*, 805 F.2d 1464, 1474 (11th Cir. 1986). Here, the facts Petitioner admitted, including the type of drug activity, the accessibility of the firearm, the fact that it was loaded, the type of weapon, its proximity to the drugs, and the time and circumstances under which the gun was found, all demonstrate a sufficient factual nexus between the firearm and the MDMA transaction with the undercover agent.[3] *See United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir. 2002). Accordingly, Petitioner's contention that the Magistrate Judge failed to comply with Rule 11 is without merit, and Ground Three is therefore due to be dismissed.

### Evidentiary Hearing

An evidentiary hearing is unnecessary as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Dkt. 1, 4) is DENIED. All pending motions are DENIED as moot. The Clerk is directed to enter judgment against Petitioner and close this case.

### Certificate of Appealability and Leave to Appeal in Forma Pauperis Denied

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

---

[3] The Government correctly points out that Petitioner's "curious statement that he 'was not conscious' of the gun's presence is not the sworn testimony he gave the Court." (Dkt. 6, p. 12). As noted, at the conclusion of his plea colloquy, under oath, Petitioner told the Magistrate Judge he was pleading guilty because he was guilty. (CV Dkt. 28, p. 41).

denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** this 11th day of May, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record

14